United States District Court
Southern District of Texas

**ENTERED**

April 23, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN C. PAUL, | § | |
| TDCJ #932966, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-19-3625 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Melvin C. Paul (TDCJ #932966) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a conviction entered against him in 2000.  Now pending is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 10), arguing that the Petition is barred by the governing one-year statute of limitations.  Paul has replied with Petitioner's Response to Respondent's Motion for Summary Judgment ("Petitioner's Response") (Docket Entry No. 14).  After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I.  Background and Procedural History

A grand jury in Harris County, Texas, returned an indictment against Paul in Cause No. 844969, accusing him of capital murder by intentionally causing the death of Deborah Scott while in the course of committing or attempting to commit another felony, namely aggravated sexual assault.[1]  At trial the State presented testimony showing that Scott was found dead in Paul's bedroom and there was evidence that she had been sexually assaulted.[2]  An autopsy showed that she had been raped and strangled.[3]  DNA collected from vaginal and anal swabs of Scott's body matched Paul.[4]  Paul testified in his own defense and admitted having sex with Scott, but denied killing her.[5]

On June 8, 2000, a jury in the 174th District Court of Harris County found Paul guilty of capital murder as charged in the indictment.[6]  Because the State was not seeking the death penalty,

---

[1]See Indictment, Docket Entry No. 11-1, p. 16.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Condensed Court Reporter's Record, Docket Entry No. 11-5, pp 78-79, 96-97, 103, 107-08.

[3]Id. at 125-27.

[4]Id. at 76-77.

[5]Id. at 134.

[6]Verdict, Docket Entry No. 11-1, p. 87.

the trial court automatically sentenced Paul to life imprisonment that same day.[7]

The conviction was affirmed on direct appeal in an unpublished opinion on January 10, 2002. See Paul v. State, No 14-00-00937-CR, 2002 WL 27280, at *1 (Tex. App. — Houston [14th Dist.] Jan. 10, 2002) (rejecting Paul's claims that the trial court abused its discretion by allowing the jury to deliberate for 14 hours over two days and that the evidence was legally and factually insufficient to support his conviction). Although Paul obtained an extension of time to file a petition for discretionary review with the Texas Court of Criminal Appeals, up to and including April 16, 2002, he did not file one.[8] As a result, his conviction became final for purposes of federal habeas review on that date.

On May 1, 2003, Paul filed a handwritten request for appointment of counsel to seek post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.[9] The trial court granted that motion and appointed counsel to assist Paul on

---

[7]Judgment on Plea Before Jury - Court/Jury Assessing Punishment, Docket Entry No. 11-1, pp. 94-95.

[8]Exhibit to Petition (Appellate Docket Sheet), Docket Entry No. 1-1, p. 6 (noting that an extension was granted until April 16, 2002, but that no petition for discretionary review was filed).

[9]Motion for Appointment of Counsel and DNA Retesting, Docket Entry No. 11-2, pp. 6-7.

-3-

May 12, 2003.[10]  On October 28, 2003, counsel filed a formal motion for post-conviction DNA testing on Paul's behalf.[11]  The State pointed to evidence that was previously presented at trial, showing that DNA recovered from the complainant was a match to Paul.[12]  On March 10, 2005, the trial court denied Paul's motion for post-conviction DNA testing, concluding that he did not meet his burden to show that additional testing was likely to produce exculpatory results.[13]  Paul filed an appeal from that ruling, but the appeal was dismissed on his attorney's motion on November 3, 2005.  See Paul v. State, No. 14-05-00501-CR, 2005 WL 2876159, at *1 (Tex. App. — Houston [14th Dist.] Nov. 3, 2005, no pet.) (per curiam).

On March 26, 2006, Paul filed his first Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("First State Habeas Application").[14]  Paul alleged that he was being prevented from

---

[10]Order Appointing Counsel, Docket Entry No. 11-2, p. 11.

[11]Post-Conviction Motion for Texas Code Crim. Proc. art. 64.01 Forensic DNA Testing, Docket Entry No. 11-2, pp. 12-18.

[12]Orchid Cellmark Laboratory Report, Docket Entry No. 11-2, pp. 47-48.

[13]State's Proposed Findings of Fact and Conclusions of Law, Docket Entry No. 11-2, pp. 52-54.

[14]First State Habeas Application, Docket Entry No. 11-19, pp. 7-15.  The petitioner's pro se submissions are treated as filed on the date he placed them in the prison mail system under the prison mailbox rule, which also applies to post-conviction proceedings in Texas.  See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. (continued...)

-4-

seeking collateral review by lack of access to his trial transcript, blindness, and a mental impairment.[15] Faulting his attorneys, Paul also asked to reinstate the appeal from the trial court's decision to deny his motion for DNA testing and for an out-of-time petition for discretionary review from the appeal of his conviction.[16] The trial court recommended that relief be denied.[17] The Texas Court of Criminal Appeals remanded the action for an evidentiary hearing on Paul's claim that he was denied effective assistance of counsel by his appellate attorney.[18] After Paul withdrew that claim, the Texas Court of Criminal Appeals issued a written order denying his First State Habeas Application in part and dismissing it in part on February 14, 2007.[19]

Paul filed a Second State Habeas Application on May 25, 2007, alleging that he could not file a meaningful petition for

---

[14](...continued) 2013).

[15]First State Habeas Application, Docket Entry No. 11-19, p. 12.

[16]Id. at 13.

[17]Respondent's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 11-19, pp. 26-28.

[18]Action Taken on Application No. WR-64,923-02, Docket Entry No. 11-19, p. 3; Ex parte Paul, Application No. WR-64,923-02, Docket Entry No. 11-22, pp. 22-23.

[19]Action Taken After Remand on Application No. WR-64,923-02, Docket Entry No. 11-19, p. 2; Ex parte Paul, Application No. WR-64,923-02, Docket Entry No. 11-22, pp. 22-23.

collateral review without a copy of his trial transcript.[20] The trial court recommended that the Application be dismissed because it did not comply with Rule 73 of the Texas Rules of Appellate Procedure.[21] On September 19, 2007, the Texas Court of Criminal Appeals elected to summarily dismiss Paul's Second State Habeas Application as a "subsequent" petition prohibited by the statute that governs abuse of the writ, Article 11.07 § 4 of the Texas Code of Criminal Procedure.[22]

Paul filed a Third State Habeas Application on September 27, 2007, arguing that his right to habeas corpus review was denied because he lacked access to a copy of his trial transcript.[23]  On or around the same date, Paul submitted Plaintiff's Original Application for Writ of Mandamus,[24] which the Texas Court of

---

[20]Second State Habeas Application, Docket Entry No. 11-22, pp. 7-16.

[21]Respondent's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 11-22, pp. 60-61.

[22]Action Taken on Application No. WR-64,923-03, Docket Entry No. 11-22, p. 2.

[23]Third State Habeas Application, Docket Entry No. 11-28, pp. 7-20.

[24]Plaintiff's Original Application for Writ of Mandamus, Docket Entry No. 11-23, pp. 4-7.  This Application, which appears to ask the Harris County District Clerk's Office to expedite his habeas proceeding, is unsigned and undated, but a cover letter indicates it was received by the Texas Court of Criminal Appeals on September 24, 2007.  See Letter, Docket Entry No. 11-2, p. 3.

Criminal Appeals summarily denied on October 1, 2007.[25]  The trial court recommended that Paul's Third State Habeas Application be denied because he did not allege facts showing that he was entitled to relief from his conviction.[26]  The Texas Court of Criminal Appeals elected to dismiss Paul's Third State Habeas Application as a subsequent writ on January 23, 2008.[27]

More than a year later, on March 16, 2009, Paul filed a Fourth State Habeas Application, repeating his claim that he was denied a meaningful opportunity to litigate claims on collateral review without a copy of his trial transcript.[28]  Paul also asked the Texas Court of Criminal Appeals to reconsider the dismissals entered previously on his Second and Third State Habeas Applications.[29]  The trial court recommended that Paul's Fourth State Habeas Application be dismissed as a subsequent writ and, alternatively, that relief be denied because Paul did not allege facts showing that he was entitled to habeas relief from his conviction.[30]  The Texas Court

---

[25]Action Taken on Application No. WR-64,923-04, Docket Entry No. 11-23, p. 2.

[26]Respondent's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 11-28, pp. 35-36.

[27]Action Taken on Application No. WR-64,923-05, Docket Entry No. 11-28, p. 2.

[28]Fourth State Habeas Application, Docket Entry No. 11-31, pp. 7-19.

[29]Id. at 10.

[30]Respondent's Proposed Findings of Fact, Conclusions of Law
(continued...)

-7-

of Criminal Appeals denied relief with a written order on June 24, 2009.[31]  In that written order the Texas Court of Criminal Appeals set aside its previous orders dismissing Paul's Second and Third State Habeas Applications and then denied relief on each of Paul's Second, Third, and Fourth Habeas Applications without any additional explanation.[32]

More than ten years after the Texas Court of Criminal Appeals denied relief, Paul now seeks federal habeas corpus review of his conviction under 28 U.S.C. § 2254 in a Petition that is dated September 23, 2019.[33] Because Paul proceeds pro se, his pleadings are subject to a less stringent standard than those drafted by lawyers.[34]  Under this lenient standard, Paul's sole claim for relief concerns the trial court's decision to send the jury back to deliberate three times over his defense counsel's objection after

---

[30](...continued)
and Order, Docket Entry No. 11-31, pp. 79-80.

[31]Action Taken on Application No. WR-64,923-06, Docket Entry No. 11-31, p. 2; Ex Parte Paul, Application Nos. WR-64,923-03, -05, & -06, Docket Entry No. 11-32, pp. 1-2.

[32]Ex Parte Paul, Application Nos. WR-64,923-03, -05, & -06, Docket Entry No. 11-32, pp. 1-2.

[33]Petition, Docket Entry No. 1, pp. 1-15; Exhibits, Docket Entry No. 1-1, pp. 1-20.

[34]See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

the jury indicated that it was deadlocked.[35]  Paul also requests
appointment of counsel to help him litigate this claim.[36]  The
respondent argues that the Petition must be dismissed because it is
untimely and barred by the governing one-year statute of
limitations on federal habeas corpus review.[37]

## II.  <u>Discussion</u>

### A.   The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act
of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),
Paul's Petition is subject to a one-year limitations period found
in 28 U.S.C. § 2244(d), which runs from the latest of --

> (A)  the date on which the judgment became final by the
> conclusion of direct review or the expiration of
> the time for seeking such review;

---

[35]Petition, Docket Entry No. 1, p. 6.  Paul also alleges that
he was denied the right to be present at the hearing on his post-
conviction DNA motion.  <u>See</u> <u>id.</u> at 8.  Because the claim attacks a
separate state court judgment, it should have been filed in a
separate petition.  <u>See</u> Rule 2(e) of the Rules Governing Section
2254 Cases in the United States District Courts.  The court notes
that the claim is not actionable because the Fifth Circuit has
repeatedly held that "infirmities" or errors that occur during
state collateral review proceedings "do not constitute grounds for
relief in federal court."  <u>Rudd v. Johnson</u>, 256 F.3d 317, 319 (5th
Cir. 2001) (quoting <u>Trevino v. Johnson</u>, 168 F.3d 173, 180 (5th Cir.
1999)) (citations omitted).  Alternatively, the claim is without
merit because the record confirms that Paul's motion for post-
conviction DNA testing was resolved without the need for a hearing.
<u>See</u> State's Proposed Findings of Fact and Conclusions of Law,
Docket Entry No. 11-2, pp. 52-54.  Accordingly, the court does not
address this claim further.

[36]Petition, Docket Entry No. 1, at 7, 10.

[37]Respondent's MSJ, Docket Entry No. 10, pp. 5-10.

(B)   the date on which the impediment to filing an
application created by State action in violation of
the Constitution or laws of the United States is
removed, if the applicant was prevented from filing
by such State action;

(C)   the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if
the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on
collateral review; or

(D)   the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Paul does not dispute that the challenged

judgment of conviction in his case became final on April 16, 2002,

when his extended time to file a petition for discretionary review

by the Texas Court of Criminal Appeals expired.  See Roberts v.

Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that a

conviction becomes final for purposes of § 2244(d)(1)(A) "when the

time for seeking further direct review in the state court

expires").  That date triggered the AEDPA statute of limitations

under § 2244(d)(1)(A), which expired one year later on April 16,

2003.  The federal Petition that was executed by Paul on September

23, 2019, is late by more than 16 years and is therefore barred by

the statute of limitations unless a statutory or equitable

exception applies.

**B.   Statutory Tolling is Not Available**

Under 28 U.S.C. § 2244(d)(2), the time during which a

"properly filed application for State post-conviction or other

-10-

collateral review" is pending shall not count toward the limitations period on federal habeas review. The state court records, which are summarized above, reflect that Paul challenged his underlying conviction by filing a motion for appointment of counsel to pursue post-conviction DNA testing on May 1, 2003, followed by a motion for DNA testing on October 28, 2003. Paul also filed four applications for state post-conviction review under Article 11.07 of the Texas Code of Criminal Procedure and a mandamus petition in 2006, 2007, and 2009. Because all of these proceedings were filed after the federal habeas statute of limitations had already expired on April 16, 2003, none of them toll the limitations period under § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Paul does not demonstrate that there is any other statutory basis to toll the limitations period. Paul does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). As a result, Paul's federal Petition must be dismissed as untimely unless an equitable basis exists to extend

the statute of limitations on federal habeas review.

## C.   Equitable Tolling is Not Warranted

Equitable tolling is available at the court's discretion where a petitioner demonstrates (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).   "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (citation omitted).

Paul contends that he is entitled to equitable tolling because he is blind and suffers from mental illness.[38]  In support of this claim, Paul provides a Discharge Summary that is dated August 5, 2000, from the TDCJ "Estelle Eastern Region Medical Facility," which notes that he is legally blind as the result of having suffered a "traumatic brain injury" at some undisclosed time and that he has a history of schizophrenia.[39]  Paul argues that his delay should be excused because neither the prison Assistive Disability Services ("ADS") program or law library personnel at the Estelle Unit, where Paul has been assigned since 2000, are

---

[38]Petition, Docket Entry No. 1, p. 13; Petitioner's Response, Docket Entry No. 14, pp. 1, 3-5.

[39]Discharge Summary, Docket Entry No. 14, p. 8.  At trial Paul clarified that he could see "a little bit" and there was evidence that he could read with the assistance of a machine.  See Condensed Court Reporter's Record, Docket Entry No. 11-5, pp. 81, 129.

permitted to help him with legal work.[40]  As a result, he has had to rely on assistance from other inmates to complete his pleadings and other submissions.[41]

Although Paul reportedly suffers from mental illness in the form of schizophrenia, the evidence he presents states only that his condition is "very well controlled by medication."[42]  He does not present any evidence showing that he was incapacitated as the result of mental illness during any period of time before his federal habeas statute of limitations expired.  Absent a showing that Paul was prevented from filing a federal petition in a timely manner due to mental incapacity or incompetency during the relevant time period, he is not entitled to equitable tolling due to mental illness.  See Roberts, 319 F.3d at 695; see also Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007) (finding that the petitioner made "no factual showing of mental incapacity" and, therefore, fell far short of establishing the "'extraordinary circumstances' necessary to support equitable tolling").

---

[40]Petitioner's Response, Docket Entry No. 14, pp. 4-5.

[41]Id. at 5.

[42]Discharge Summary, Docket Entry No. 14, p. 8.  The record reflects that Paul was evaluated before his trial by a psychologist, who found "no evidence of a serious mental disorder aside from his depressed mood state and alcohol abuse." Competency Evaluation, Oct. 4, 1999, Docket Entry No. 11-1, pp. 16-17.  The record further reflects that Paul had no difficulty testifying on his own behalf at trial and displayed no sign of mental illness or incompetency.  See Condensed Court Reporter's Record, Docket Entry No. 11-5, pp. 129-40.

The Fifth Circuit has held that mental incapacity combined with lack of access to legal records and temporary blindness due to lack of eyeglasses may establish an extraordinary circumstance for purposes of equitable tolling where an inmate cannot pursue his rights.  See Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999).  Paul does not make this showing, however, because the record shows that he filed numerous post-conviction challenges to his conviction in state court and that he was able to pursue his rights.

In addition to the many motions, petitions, and applications that he filed in state court, records show that Paul also filed several prisoner civil rights lawsuits in federal court, including: Paul v. Hosea, Civil No. H-03-5564 (S.D. Tex.) (dismissed as frivolous on May 10, 2004); Paul v. State of Texas, Civil No. H-07-2192 (S.D. Tex.) (dismissed as frivolous on July 18, 2007); Paul v. Morris, Civil No. H-12-3032 (S.D. Tex.) (dismissed on October 30, 2012, after the district court found that Paul's challenge to his underlying conviction failed to state a claim).

Court records show that Paul also filed a previous federal habeas proceeding to challenge the result of his post-conviction DNA motion, which was dismissed without prejudice for want of prosecution after the magistrate judge who reviewed the case found that Paul failed to avail himself of help that was available to file an amended petition.  See Paul v. Davis, H-18-2129 (S.D. Tex.

-14-

Feb. 26, 2019) (Docket Entry No. 16, pp. 2-3).  Records from that case refute Paul's claim that assistance is not available from the prison ADS program or the law library at the Estelle Unit.[43] According to information provided by the respondent in that action, assistance is available to visually impaired inmates at the Estelle Unit through auxiliary aides provided by the ADS program and the law library, but that Paul had not requested such assistance.[44]  The Fifth Circuit has held that the assistance offered to visually impaired inmates at the Estelle Unit law library, which includes the availability of "volunteer offenders who are willing to provide assistance reading and writing," is sufficient to afford meaningful access to the law library and protect his right to access the courts.  Wells v. Thaler, 460 F. App'x 303, 305, 308-14 (5th Cir. 2012) (per curiam) (rejecting a blind inmate's claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act in a case involving the Estelle Unit).

The record in this case discloses lengthy delay by Paul in seeking federal habeas review of his murder conviction.  As noted above, Paul's conviction became final in 2002, the AEDPA

---

[43]See Respondent Davis's Status Report with Brief in Support, Docket Entry No. 15, pp. 1-3, in Paul v. Davis, Civil No. H-18-2129 (S.D. Tex. Jan. 11, 2019).

[44]See id. at 1-2; see also Respondent Davis's Response to Petitioner's Objections with Brief in Support, Docket Entry No. 19, pp. 1-4, in Paul v. Davis, Civil No. H-18-2129 (S.D. Tex. March 27, 2019).

limitations period expired in 2003, and his federal Petition was filed sixteen years later in 2019. Although Paul's Fourth State Habeas Application on June 24, 2009, he offers no explanation for why he waited more than ten years to seek federal habeas review. Courts have uniformly held that a visual impairment, without more, is insufficient to warrant equitable tolling where the petitioner also fails to establish that he pursued his rights with due diligence. See Fisher, 174 F.3d at 714-16; see also Smith v. Beightler, 49 F. App'x 579, 580-81 (6th Cir. 2002) (rejecting a blind inmate's request for equitable tolling because he did not "establish that [he] lacked knowledge of the filing requirement [or] that he was diligent in pursuing his rights"); United States v. Brittain, 41 App'x 246, 248-49 (10th Cir. 2002) (rejecting a legally blind prisoner's request for equitable tolling where he failed to demonstrate due diligence in pursuing a post-conviction challenge under 28 U.S.C. § 2255); Santiago v. Miller, 180 F. Supp. 2d 471, 473-74 (S.D.N.Y. 2001) (finding that the petitioner's blindness was insufficient to toll the AEDPA statute of limitations because he was able to file two state post-conviction proceedings, showing that his "condition did not rise to such a level as to truly prevent him from pursuing his legal rights"); Cherry v. Dretke, No. 4:04-CV-0483, 2004 WL 2236628, at *2 (N.D. Tex. Oct. 4, 2004) (observing that the petitioner's "illiteracy and 'legal' blindness . . . do not support equitable tolling," where there was

-16-

no evidence that he pursued his claims with due diligence despite these factors); Jones v. Thomas, No. 1:15-cv-826, 2018 WL 2073188, at *3 (M.D. Ala. Jan. 29, 2018) (finding "no authority for the proposition that a bare allegation that a petitioner was legally blind will warrant tolling" of the AEDPA statute of limitations) (collecting cases).  Under these circumstances, Paul does not establish that he is entitled to equitable tolling because of his visual impairment.

Although Paul represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling.  See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling);  Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

Likewise, equitable tolling is not available for lack of access to a trial transcript.  See Roughley v. Cockrell, 45 F. App'x 326, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002) (per curiam) (rejecting a claim for equitable tolling based on an

-17-

inmate's unfulfilled request for state court records).  Although Paul complained in state court that he could not pursue habeas review without a copy of his trial transcript it is well established that an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding.  See United States v. MacCollom, 96 S. Ct. 2086, 2090-91 (1976); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975); Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973); Colbert v. Beto, 439 F.2d 1130, 1131 (5th Cir. 1971).

The Fifth Circuit has cautioned courts "not to apply the statute of limitations too harshly," Fisher, 174 F.3d at 713, but this court has reviewed the entire record and concludes that no miscarriage of justice will result from dismissing the Petition as time-barred because Paul's sole claim for relief, which concerns the trial court's decision to order jurors to continue deliberating, was reviewed and rejected on direct appeal.  See Paul v. State, No 14-00-00937-CR, 2002 WL 27280, at *7-8 (Tex. App. — Houston [14th Dist.] Jan. 10, 2002, no pet.) (rejecting Paul's argument about the length of jury deliberations and the trial court's decision to give an "Allen charge" after the jury announced that it was deadlocked).  For the reasons articulated by the intermediate appellate court, the claim appears to be entirely without merit and Paul does not demonstrate that his constitutional

rights were violated or that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent. <u>See</u> 28 U.S.C. § 2254(d)(1). Because Paul fails to otherwise establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## D. Paul's Request for Counsel

The court notes that Paul has included a request for appointment of counsel in his Petition.[45] He repeats that request in his response to the Respondent's MSJ and he also appears to ask for discovery.[46] Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. <u>See</u> <u>Pennsylvania v. Finley</u>, 107 S. Ct. 1990, 1993 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts authorize appointment of counsel where discovery or an evidentiary hearing is needed. Assuming that a petitioner meets the criteria for an evidentiary hearing found in 28 U.S.C. § 2254(e)(2), a hearing is

---

[45]Petition, Docket Entry No. 1, pp. 7, 10.

[46]Petitioner's Response, Docket Entry No. 14, p. 5.

not required if there are "no relevant factual disputes that would require development in order to assess the claims." Robison v. Johnson, 151 F.3d 256, 268 (5th Cir. 1998). Likewise, "discovery may only be permitted with respect to a specifically alleged factual dispute, not to a general allegation." Murphy v. Johnson, 205 F.3d 809, 817 (5th Cir. 2000) (citation omitted). Because Paul has not articulated specific facts showing that discovery or an evidentiary hearing is required in this case, his request for appointment of counsel is denied.

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the

district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.   Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Melvin C. Paul (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 23rd day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE